**YAN ZHU LIU, Zhi Wei Huang, Petitioners,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.[1]**

No. 08–0399–ag.

United States Court of Appeals, Second Circuit.

May 11, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Tina Y. Howe, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Leslie McKay, Assistant Director, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER, Circuit Judges.

**SUMMARY ORDER**

Yan Zhu Liu and Zhi Wei Huang, natives and citizens of the People's Republic of China, seek review of a January 16, 2008 order of the BIA affirming the September 25, 2006 decision of Immigration Judge ("IJ") Thomas Mulligan, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Zhu Liu & Zhi Wei Huang*, No. A200 115 329, No. A99 540 326 (B.I.A. Jan. 16, 2008), *aff'g* No. A200 115 329, No. A99 540 326 (Immig. Ct. N.Y. City Sep. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).[2] Under that standard, we "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

 The agency's adverse credibility determination is supported by substantial evidence. In reaching that determination, the agency properly found portions of Petitioners' testimony to be inherently implausible. "[W]hen an adverse credibility

**2.** The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

finding is based partly or entirely on implausibility, [the Court will] review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized." *Ying Li v. BCIS,* 529 F.3d 79, 82 (2d Cir.2008). Here, Petitioners claimed to have promoted Falun Gong in China illegally because they saw the health benefits it brought to their friends; however, they admitted that they never practiced Falun Gong and that they never promoted it in the United States where it was legal. We have previously concluded in nearly identical circumstances that an IJ does not err in finding such claims to be implausible. *See id.*

The agency also properly relied on Petitioners' inconsistent testimony in making its adverse credibility determination. For example, Liu claimed that her medical records were kept at her mother's house while Huang testified that they were kept at his parents' house; Huang gave varying accounts of his travels from China to the United States; and (perhaps most striking) Liu testified that she suffered a forced abortion because she was unmarried whereas the medical records indicate that she was married at the time. Under the REAL ID Act, it was proper for the IJ to rely on each of these inconsistencies in making his adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii).

These discrepancies identified above provide ample support for the agency's credibility determination. We therefore need not consider additional support cited for the credibility determination, including an assessment of Huang's demeanor. *See Corovic,* 519 F.3d at 95. The agency's denial of Petitioners' asylum applications was proper. *See Xiu Xia Lin,* 534 F.3d at 167.

Inasmuch as Petitioners based their claims for withholding of removal and CAT relief on the same factual predicate as their asylum claims, and the IJ found that this evidence lacked credibility, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't. of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Finally, a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005). Therefore, the agency did not err in denying CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).